PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| FRANKLIN H. WRIGHT, | ) | |
| | ) | CASE NO. 5:16CV2312 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | JUDGE BENITA Y. PEARSON |
| | ) | |
| GENERAL MOTORS COMPANY, *et al.*, | ) | |
| | ) | |
| Defendant. | ) | **MEMORANDUM OF OPINION AND** |
| | ) | **ORDER** [Resolving ECF Nos. 2, 3, 4, 8, |
| | ) | 9, 10 and 11] |

*Pro se* Plaintiff Franklin H. Wright has filed this civil action seeking to proceed *in forma pauperis* against the General Motors Company ("GM") and Doug Bigelow Chevrolet, Inc. ("Doug Chevrolet")— "an Akron-Ohio-based authorized [GM] dealer[.]" ECF No. 1 at PageID #: 3. Plaintiff asserts claims for breach of contract, breach of fiduciary duty, breach of the covenant of good faith and fair dealing, and civil conspiracy arising in connection with Plaintiff's employment as a sales consultant at Doug Chevrolet "from mid-2012 through mid-2013." *Id.* He seeks monetary relief and punitive damages. *Id.* at 10.

## I. Background

Plaintiff's Complaint is convoluted and unclear. He appears to contend that he was not properly compensated by Doug Chevrolet. Plaintiff bases this contention solely on his own conclusory assessment of his work performance under GM's performance criteria for sales consultants.

(5:16CV2312)

Plaintiff indicates that he wrote a paper entitled "General Motors Company, North American Sales Assessment" and filed it with the United States Court of Appeals for the Ninth Circuit Court (Case No. 15-1745). *Id.* at 3-4. Plaintiff alleges that, based on the "aforementioned C.A. 9 paper" and his own "understanding re: the importance of new vehicle sales, gross profit, average dealer performance, and Doug Chevrolet's ad hoc reviews of [him], [he] believes he was in the top one-third of dealer sales personnel as measured with that specific volume-based retailer." *Id.* at 5.

Plaintiff also alleges that he "believes GM offers guidelines to dealers, [and that] those guidelines suggest[] dealer sales personnel exhibiting similar sales skills, performing similarly to plaintiff, are expected to earn between $75,000 and $85,000 per year." *Id.* Based on these beliefs, Plaintiff "suggests" that Doug Chevrolet and GM breached contractual obligations and fiduciary duties to him, and "engaged in a civil conspiracy to carve income from sales consultants and perhaps other dealer roles in order to either preserve or increase management income under the strain of increased market competition." *Id.*

He seeks compensation for the difference between what he was actually paid by Doug Chevrolet and the amount a sales consultant in his position would "be expected" to earn (according to his own analysis) in addition to other damages. *Id.* at 9-10.

## II.  Standard for Dismissal

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the district court is required to dismiss an *in forma pauperis* action under 28 U.S.C. § 1915(e) if it is frivolous or

(5:16CV2312)

malicious, fails to state a claim on which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

In order to state a claim on which relief may be granted, a *pro se* complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. See *Hill v. Lappin*,, 470-71 (6th Cir. 2010) (holding that the dismissal standard articulated in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atl. Corp. v. Twombly,* 550 U.S. 544 (2007), governs dismissals for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B)).  The factual allegations in the pleading "must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555.

### III.  Law and Analysis

Plaintiff's Complaint fails to state a claim upon which relief may be granted and must be dismissed pursuant to §1915(e)(2)(B).  Even when liberally construed, the Complaint merely sets forth Plaintiff's own suppositions and legal conclusions that are unsupported by factual allegations sufficient to raise a right to relief against the Defendants above a speculative level. The Complaint thus fails to meet basic pleading requirements or to plead factual content that allows the Court to draw a reasonable inference that the Defendants might be liable to Plaintiff under any of the legal theories he asserts.

### IV.  Conclusion

For the reasons above, this action is dismissed in accordance with 28 U.S.C. §1915(e)(2)(B).  The Court denies as moot Plaintiff's pending motions to serve the summons and

(5:16CV2312)

complaint (ECF No. 3), to reassign the case to Judge Polster (ECF No. 4), for permission for electronic case filing (ECF No. 9), and to request counsel invitation and judicial notice of relevant filings (ECF No. 10). Plaintiff's motion to supplement his Complaint pursuant to Fed. R. Civ. P. 15(d) (ECF No. 11) is denied because it does not cure the deficiencies in his original complaint and is futile.[1] Plaintiff's application to proceed *in forma pauperis* (ECF Nos. 2, 8) is granted.

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[2]

IT IS SO ORDERED.


 January 31, 2017                            /s/ Benita Y. Pearson
Date                                          Benita Y. Pearson
                                                    United States District Judge

---

[1] *See* *Spies v. Voinovich*, 48 F. App'x 520, 527 (6th Cir. 2002) (the standard for granting a motion to supplement under Rule 15(d) is identical to the standard governing leave to amend under Rule 15(a)).

[2] Finally, the Court notes that Plaintiff has been found to be a vexatious litigator and sanctioned for filing repeated frivolous cases in the United States District Court for the Northern District of California. He has been barred from filing certain kinds of complaints in the Northern District of California without prior judicial authorization. *See* Pre-Filing Order in Case No. 4:16CV00505 (N.D. Cal. June 13, 2016).

Plaintiff is hereby cautioned that this Court may likewise determine that pre-filing sanctions against him are appropriate in the Northern District of Ohio should he file any future lawsuits in the Court that are determined to be without merit.